**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANNEX PRODUCTS PTY. LTD.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TECHSPORT LTD.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Annex Products Pty. Ltd. ("Annex"), for its Complaint against Defendant, alleges as follows:

**Nature Of Action, Parties, and Jurisdiction**

1.      This is a civil action for patent infringement under the Patent Laws, 35 U.S.C. 1 *et seq*.

2.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §§1331 and 1338.

3.      This Court has personal jurisdiction over Defendant based on Section 2-209(a) and (c) of the Illinois Code of Civil Procedure, commonly referred to as the Illinois long-arm statute, based on the Illinois Constitution, and based on the Constitution of the United States.

4.      More specifically, personal jurisdiction exists at least because the patent infringement arises from business transacted in Illinois, and/or the commission of patent infringement in Illinois, by Defendant's conduct in selling and offering to sell the Accused Products (as defined *infra*, p. 3).

5.      Annex is a proprietary limited company under the laws of Australia with its principal place of business at 39-41 Mount St., Prahran VIC Australia 3181. Annex sells cell phone mounting products.

6.      On information and belief, Defendant Techsport Ltd. ("Defendant") is a Hong Kong limited liability company with a principal place of business located at 2005 Chit Lee Commercial Building, 30-36 Shaukeiwan Road, Hong Kong. Defendant manufactures and sells cell phone mounting products, including sales in Illinois.

### Infringement of U.S. Patent No. 9,243,739

7.      Annex repeats and realleges paragraphs 1-6 above as if set forth herein.

8.      On January 26, 2016, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 9,243,739, from an application filed May 30, 2012 (the " 739 Patent").

9.      The  739 Patent is entitled "System and Method for Mounting a Handheld Electronic Device."

10.      A true and correct copy of the  739 Patent is attached as **Exhibit A**.

11.      Annex owns, and has for all relevant times owned, all right, title and interest in the  739 Patent, including the right to sue for infringement.

12.      Each claim of the  739 Patent is presumed valid.

13.      Claims 17 and 19 ("Specifically Asserted Claims") of the  739 Patent recite as follows:

17. A system for mounting an electronic handheld device, the system comprising: an apparatus adapted for attachment to an electronic handheld device and a mounting structure within a wall of the apparatus, wherein the mounting structure includes a cavity formed at a first end by an end wall and at a second end by at least one arcuate projection with at least one arcuate groove formed adjacent the at least one arcuate projection; a biased structure comprising: a body; a mount disposed at a first end of the body and adapted to be attached to a structure; a cap disposed at a second end of the body opposite the mount and comprising a generally circular wall with at least one arcuate projection

2

extending outwardly from an edge of the circular wall and at least one arcuate groove formed adjacent the at least one arcuate projection, wherein the arcuate projection and arcuate groove of the apparatus are adapted to interact with the arcuate projection and arcuate groove of the cap to attach the cap to the apparatus; and a biased projection disposed between the mount and the cap and biased toward the cap, wherein in an actuated position, the biased projection is moved away from the cap such that the at least one arcuate projection of the cap are inserted into the at least one arcuate groove of the apparatus and, in an unactuated position, the biased projection is released into a recess in the apparatus to attach the biased structure to the apparatus.

19. A system for mounting an electronic handheld device, the system including: an apparatus adapted for attachment to an electronic handheld device and a mounting structure within a wall of the apparatus, wherein the mounting structure includes a cavity formed at a first end by an end wall and at a second end by at least two arcuate projections with at least two grooves formed between the at least two projections; and a locking structure having a cylindrical structure, generally circular top wall with at least two arcuate projections extending outwardly from an edge of the top wall, wherein at least two grooves are formed between the at least two projections and wherein at least one of the arcuate projections includes a first surface facing away from the cylindrical structure, a second surface facing the cylindrical structure, and a radial elongate projection extending along the second surface; a locking projection operatively connected to the locking structure; wherein the locking structure is attached to the apparatus by aligning the at least two arcuate projections of the locking structure with the at least two grooves of the mounting structure, inserting the locking structure into the cavity, and rotating the locking structure or the apparatus until the at least two arcuate projections of the mounting structure are at least partially aligned with the at least two projections of the locking structure, respectively, thereby attaching the apparatus and the locking structure, and allowing the locking projection to enter one of the at least two grooves in the apparatus to prevent rotation or removal of the locking structure from the apparatus.

14.     Defendant is infringing the 739 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States the following products: Mountcase Car Mount, Mountcase Bike Forward Mount, Mountcase Bike Stem Cap Mount, and Mountcase Bike Strap Mount (the "Accused Products"). Product literature further identifying each of these products is included in **Exhibit B**.

15.     Defendant has directly and indirectly infringed, and continues to directly and indirectly infringe, the Specifically Asserted Claims, within the meaning of 35 U.S.C. §271 by, without Annex's authority, making, using, selling, and/or offering to sell in, and/or importing into, the United States the Accused Products.

16.     All of the Accused Products infringe Claim 19 of the 739 Patent, and two of the Accused Products, namely the Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B, infringe at least claim 17 of the 739 patent.

17.     With reference to Claim 19 of the 739 Patent, each of the Accused Products is a system for mounting an electronic handheld device.

18.     Each of the Accused Products includes an apparatus adapted for attachment to an electronic handheld device and a mounting structure within a wall of the apparatus.

19.     The mounting structure of each of the Accused Products includes a cavity formed at a first end by an end wall and at a second end by at least two arcuate projections with at least two grooves formed between the at least two projections.

20.     Each of the Accused Products includes a locking structure having a cylindrical structure.

21.     The locking structure of each of the Accused Products also includes a generally circular top wall.

22.      The circular top wall of the locking structure of each of the Accused Products includes at least two arcuate projections extending outwardly from an edge of the top wall.

23.     Each of the Accused Products includes at least two grooves formed between the at least two projections.

24.     At least one of the arcuate projections of each Accused Product includes a first surface facing away from the cylindrical structure.

25.     Each of the Accused Products includes a second surface facing the cylindrical structure, and a radial elongate projection extending along the second surface.

4

26. Each of the Accused Products includes a locking projection operatively connected to the locking structure.

27. With each of the Accused Products, the locking structure is attached to the apparatus by aligning the at least two arcuate projections of the locking structure with the at least two grooves of the mounting structure, inserting the locking structure into the cavity, and rotating the locking structure or the apparatus until the at least two arcuate projections of the mounting structure are at least partially aligned with the at least two projections of the locking structure, respectively, thereby attaching the apparatus and the locking structure, and allowing the locking projection to enter one of the at least two grooves in the apparatus to prevent rotation or removal of the locking structure from the apparatus.

28. With reference to Claim 17 of the 739 Patent, each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B is a system for mounting an electronic handheld device.

29. Each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes an apparatus adapted for attachment to an electronic handheld device.

30. Each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a mounting structure within a wall of the apparatus.

31. The mounting structure of each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a cavity formed at a first end by an end wall and at a second end by at least one arcuate projection with at least one arcuate groove formed adjacent the at least one arcuate projection.

5

32.     Each of the Techsport Mountcase Cart Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a biased structure including a body.

33.     The biased structure of each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a mount disposed at a first end of the body and adapted to be attached to a structure.

34.     The biased structure of each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a cap disposed at a second end of the body opposite the mount. The cap comprises a generally circular wall with at least one arcuate projection extending outwardly from an edge of the circular wall and at least one arcuate groove formed adjacent the at least one arcuate projection.

35.     The arcuate projection and the arcuate groove of each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B are adapted to interact with the arcuate projection and arcuate groove of the cap to attach the cap to the apparatus.

36.     The biased structure of each of the Techsport Mountcase Car Mount and the Mountcase Bike Forward Mount shown in Exhibit B includes a biased projection disposed between the mount and the cap and biased toward the cap. In an actuated position, the biased projection is moved away from the cap such that the at least one arcuate projection of the cap are inserted into the at least one arcuate groove of the apparatus and, in an unactuated position, the biased projection is released into a recess in the apparatus to attach the biased structure to the apparatus.

37.     At least as early as April 2016, Defendant had actual knowledge of the '739 Patent and of its infringement of the '739 Patent through correspondence from Plaintiff's counsel.

38.     At least as early as April 2016, Defendant knew that its conduct would induce others to infringe claims of the 739 Patent.

39.     Annex has suffered damages as a result of Defendant's direct and indirect infringement of the 739 Patent and will continue to suffer damages as long as those infringing activities continue, the amount of those damages to be proven at trial.

40.     Annex has been and will continue to be irreparably harmed by Defendant's direct and indirect infringement of the 739 Patent unless and until such infringement is enjoined by this Court.

41.     Defendant continues to infringe the 739 Patent willfully and deliberately. Defendant knew or should have known that there was an objectively high likelihood that Defendant's actions constitute direct and/or indirect infringement of one or more claims of the 739 Patent, including at least the Specifically Asserted Claims.

42.     Annex demands a trial by jury on all issues so triable.

WHEREFORE, Annex respectfully requests the following relief:

(a)     A judgment that Defendant has infringed the 739 Patent in violation of 35 U.S.C. §271;

(b)     A judgment that Defendant has induced the infringement, and/or have contributed to the infringement, of the 739 Patent by others in violation of 35 U.S.C. §271;

(c)     A preliminary and permanent injunction, pursuant to 35 U.S.C. §271, restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, and their successors and assigns, from engaging in any conduct that infringes the 739 Patent;

(d)     A judgment that Defendant's infringement of the 739 Patent has been willful under 35 U.S.C. §284;

(e)     A judgment against Defendant that the present case is exceptional pursuant to 35 U.S.C. §285;

(f)     An award of monetary damages to compensate Annex for Defendant's infringement of the 739 Patent, with interest as fixed by the Court, such damages to be trebled in accordance with 35 U.S.C. §284 as a consequence of Defendant's willful infringement;

(g)     An order that, pursuant to 15 U.S.C. §1116 and principles of equity under Illinois law, Defendant be directed to file with the Court and serve upon Annex within thirty (30) days after issuance of an injunction that incorporates the aforementioned relief (as well as any other injunctive relief), a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(h)     An award to Annex of all reasonable attorneys' fees, costs, expenses and disbursements incurred by Annex in this action;

(i)     Prejudgment interest on any and all monetary awards (in whatever form) to which Annex is entitled; and

(j)     All other and further relief this Court deems proper, equitable, and just.

Respectfully submitted,

*/s/ Thomas J. Donovan*
Thomas J. Donovan
Ryan C. Clark
Jill M. Fortney
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Tel.: (312) 214-8329
tdonovan@btlaw.com
rclark@btlaw.com

jfortney@btlaw.com
*Attorneys for Plaintiff Annex Products Pty. Ltd.*